HONORABLE RICHARD A. ROBB

*Mayor of the City of South Charleston*

*v.*

HONORABLE JACK ZEGEER

*Judge of the Municipal Court*

*of the*

*City of South Charleston*

(No. 13666)

Decided May 25, 1976.

*Cleo S. Jones* for appellant.

*Steven L. Miller* for appellee.

NEELY, JUSTICE:

This appeal concerns a dispute over whether the mayor or municipal judge can appoint the deputy municipal

court clerk in the City of South Charleston. The Honorable Richard A. Robb, Mayor of South Charleston obtained a writ of prohibition against the Honorable Jack Zegeer, Judge of the Municipal Court to prohibit the judge from interfering with the employment of the mayor's appointee to the position of deputy clerk.

The dispute began on July 7, 1975 when Mayor Robb, by letter,[1] fired Mrs. Bette Rowsey, a municipal court employee who performed clerical services and maintained accounts for parking tickets. Judge Zegeer notified Mayor Robb that effective July 11th, Mrs. Rowsey would become his personal employee, would be paid from his personal funds, and would maintain her present office. On July 22d, Mayor Robb requested Mrs. Rowsey to vacate her office. By a letter dated July 24th Judge Zegeer denied the request, stating that the office "occupied by Mrs. Rowsey is a part of the space occupied by the Municipal Court" and that "only the (City) Council has the authority to allocate space as between the different offices, agents and departments of the City." Four days later, Judge Zegeer posted a letter on the door of Mrs. Rowsey's office ordering that the space be occupied solely by Mrs. Rowsey until further order of the Court.

Judge Zegeer then drafted and proposed to the City Council a new ordinance creating the office of Deputy Clerk of the Municipal Court with the power of appointment in the Municipal Judge. On August 7, the Council adopted the new ordinance by a vote of 6–5, and the following day Judge Zegeer appointed Mrs. Rowsey to the new position. Mayor Robb then successfully sought a writ of prohibition from the Circuit Court of Kanawha County preventing Mrs. Rowsey from assuming the duties of Deputy Clerk on the ground that the new ordinance contravened the City Charter which the lower

---

[1]The entire text of that letter reads as follows:
"Due to reorganization changes, your services are being terminated effective at 4:30 Friday, July 11, 1975.
"We regret this action but this Administration is striving for greater efficiency through consolidated productivity."

court found placed the authority to make such an appointment in the Mayor. Judge Zegeer appealed to this Court.

The only issue on this appeal is which elected official, Mayor or Municipal Judge, is vested with the lawful authority to appoint the person to fill the newly created position of Deputy Clerk.

Mayor Robb asserts that the new ordinance is inconsistent with the City Charter in that Article IV, Section 4.1(1) of the Charter empowers the Mayor to

> "Appoint, supervise, promote and remove all officers and employees of the City except as otherwise provided by this Charter."

Judge Zegeer, however, contends that the Charter has indeed "otherwise provided." Article VII, Section 7.3 of the Charter states:

> "... The Municipal Judge may appoint a clerk of the Municipal Court who shall serve at the will and pleasure of the Municipal Judge and shall receive such compensation as may be determined by the Council."

Judge Zegeer argues that the power to appoint a clerk necessarily implies the power to appoint a deputy clerk. We agree with Judge Zegeer.

It has been said that a charter is related to a municipal corporation as a constitution is related to a state. 2 *McQuillin Municipal Corporations (3d Ed.)*, Section 9.01, p. 610. It follows from the similar purpose of constitutions and charters that the rules governing constitutional construction apply equally to the construction of charters. As it is proper in construing a constitutional provision to seek the intent of the framers, *State ex rel. Smith v. Kelly*, 149 W. Va. 381, 141 S.E.2d 142 (1965); *State ex rel. Trent v. Sims*, 138 W. Va. 244, 77 S.E.2d 122 (1953); *State ex rel. Morgan v. O'Brien*, 134 W. Va. 1, 60 S.E.2d 722 (1950), it is proper to consider the objects of the framers of a charter.

The disputed ordinance in the case *sub judice* is not contrary to the City Charter or to State law. Under the Charter, the Municipal Judge holds the authority to appoint a clerk. This Court holds that the express power to select the clerk reasonably implies the power to select the deputy clerk as it was obviously the intent of the drafters of the Charter and the electorate who ratified it to make the judicial branch of City government independent of the executive.

For the foregoing reasons, the decision of the Circuit Court is reversed.

*Reversed.*